IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02265-DME-MEH

QUICKPEN INTERNATIONAL, INC.;

    Plaintiff,
v.

DANIEL P. BITTINGER, and
HIGHLANDS CONSTRUCTION SOFTWARE LLC, A Colorado limited liability company,

    Defendants.
_____

**ORDER ON DEFENDANTS' MOTION TO OPPOSE RE-DESIGNATION
OF DOCUMENTS AND TESTIMONY**
_____

    Before the Court is Defendants' Motion to Oppose the Re-designation of Documents and Testimony [Docket #59]. The Court heard extensive argument on the motion at the hearing held on June 7, 2007. The Motion is **granted in part** and **denied** in part as follows. First, the Court finds substantial compliance with the requirements of the protective order in the filing of this motion, and thus, does not conclude that Defendants waived any arguments or objections on these documents.

    Regarding the software installation disks, as stated on the record, the Court **denies** the motion as to these disks. The Court finds that the information provided to Defendants' customers is not protectable as a trade secret, because it is commercially available. *E.g.*, *Haseotes v. Abacab Int'l Computers, Inc.*, 120 F.R.D. 12, 15 (D. Mass. 1988). In addition, the licensing agreement accompanying the disk does not sufficiently preclude a customer from transferring the disk to a third party, as to place an obligation of confidentiality on the customer. Thus, the ability of Plaintiff to view these disks, subject to the protective order, is no greater than the Plaintiff's ability to analyze a competing product through reverse engineering. *See generally Bower v. Baystate Techs.*, 320 F.3d

1317 (Fed. Cir. 2003).

Regarding the customer lists and sales leads of Mr. Traxler, first finds that Defendants have standing to assert a right to protect this information. *Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, No. 05-1451, 2007 U.S. Dist. LEXIS 2298 (D. Nev. Jan. 10, 2007). All of the information compiled by Mr. Traxler was on behalf of Defendants, and Defendants proffered testimony is that Mr. Traxler believed this information was confidential. Next, the Court considers the following factors to determine whether information is truly trade secret.

> These factors are: (1) The extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) measures taken to guard the secrecy of the information; (4) the value of the information to the holder and his competitors; (5) the amount of effort or money to develop the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others

*DDS, Inc. v. Lucas Aero. Power Transmission Corp.*, 182 F.R.D. 1, 5 (N.D.N.Y. 1998). The information relates solely to Mr. Traxler's attempts to sell Defendants' products, and although not an employee, he is "involved in the business." While the lack of a formal confidentiality agreement between Mr. Traxler and Defendant is one factor for the Court to consider, the formality of the steps Defendants have taken to protect this information is not dispositive of whether the information deserves heightened protection. The customer lists and sales leads of a competitor represent a classic example of information most often subject to attorney's eyes only, and under the factors listed above, deserve attorney's eyes only protection. Accordingly, Defendants' Motion is **granted** as to the customer lists, sales leads, and other similar information in Mr. Traxler's possession for the purpose of selling Defendants' product.

Accordingly, for the reasons stated above and on the record, it is hereby ORDERED that

Defendants' Motion to Oppose the Re-designation of Documents and Testimony [Filed May 30, 2007; Docket #59] is **granted in part** and **denied in part**.

Dated at Denver, Colorado, this 8th day of June, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

3