IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02265-DME-MEH

QUICKPEN INTERNATIONAL, INC.;

    Plaintiff,

v.

DANIEL P. BITTINGER, and
HIGHLANDS CONSTRUCTION SOFTWARE LLC, A Colorado limited liability company,

    Defendants.

_____

### ORDER ON PLAINTIFF'S FORTHWITH MOTION TO COMPEL
_____

Before the Court is Plaintiff's Forthwith Motion to Compel [Docket #57]. The Court heard extensive argument on the motion at the hearing held on June 7, 2007. The Court granted the Motion as specified on the record but reserved ruling on any sanctions. The Court finds that sanctions are appropriate as follows.

Plaintiff filed the motion based largely on Defendants' failure to respond to discovery requests. Defendants responded to the motion by producing discovery, including several DVDs of files, without identifying which documents were responsive to which discovery requests and without producing files in their native formats, as requested. Defendants also objected to discovery based on a privilege that counsel for Defendants admitted at the hearing was carelessly and improperly raised.

The Federal Rules of Civil Procedure provide:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the

> reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). Because Plaintiff's Motion was granted, an award of expenses or fees is appropriate, unless one of the exceptions listed above is met, including failure to confer, substantial justification in opposing the request, or some other equitable factor. No such exception exists in this case.

First, it is well established that a general reference to responsive documents is an insufficient response. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004) ("Plaintiff may not merely refer Defendants to other pleading or its disclosures hoping that Defendants will be able to glean the requested information from them."). "[A] party responding to discovery has a duty to answer requests for production in a manner that is complete, explicit and responsive." *Cache La Oudre Feed, LLC v. Land O'Lakes Farmland Feed, LLC*, No. 04-0329, 2007 U.S. Dist. LEXIS 15277, *61 (D. Colo. March 2, 2007) Even if documents are produced in lieu of an answer, as provided by Fed. R. Civ. P. 33(d), the response must identify the specific responsive documents. *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304, 1996 U.S. Dist. LEXIS 10014, *8 (D. Kan. July 22, 1996) ("To rely on Rule 33(d), parties must identify in their answers to interrogatories specifically which documents contain the requested information. If they cannot comply with these requirements, they must otherwise answer the interrogatories fully and completely.") (citing cases). As discussed at the hearing, Defendants' responses are utterly deficient in this regard. Second, Defendants' counsel admitted that privilege was asserted without substantial justification as to some of the requests.

2

Finally, the Court notes that Defendants were substantially justified in objecting to the production of the mirror image devices. The Court ordered production to Plaintiff's experts because the information remains subject to the "Attorney's Eyes Only" provision of the protective order in this case, and the nature of documents intending to be searched did not lend itself to a search protocol. *Contra Balboa Threadworks, Inc. v. Stucky*, No. 05-1157, 2006 U.S. Dist. LEXIS 29265 (D. Kan. March 24, 2006). Thus, the Court will not award fees for this portion of Plaintiff's motion.

Accordingly, for the reasons stated above and on the record, it is hereby ORDERED that Plaintiff's Forthwith Motion to Compel [Filed May 29, 2007; Docket #57] is **granted** as specified. Plaintiff shall have one-half of its fees and costs associated with filing the Motion to Compel, as well as three hours of attorney time for preparing for and appearing at the hearing on this motion. Plaintiff shall file an affidavit of fees, including an affidavit of the reasonableness of the charged rates, for all fees and costs associated with the filing of the motion no later than **June 21, 2007**.

Dated at Denver, Colorado, this 13th day of June, 2007.

                                         BY THE COURT:

                                         s/ Michael E. Hegarty
                                         Michael E. Hegarty
                                         United States Magistrate Judge